[No. 27. Department One. November 27, 1918.]

*In the Matter of the Proceedings for the Disbarment of* HOMER E. TURNER.[1]

ATTORNEY AND CLIENT (7)—SUSPENSION—GROUNDS. Although the relation of attorney and client did not exist, an attorney will be suspended for one year for acts involving moral turpitude, where money intrusted to him to be loaned at 3 per cent per month, was used by him for his own purposes, he paying interest for one month and finally admitting it had not been loaned, although later he repaid the whole sum.

Proceeding filed in the supreme court February 18, 1918, for the disbarment of an attorney, upon findings of the state board of law examiners. Judgment of suspension for one year.

*The Attorney General* and *R. M. Burgunder, Assistant,* for the state.

*Edward Judd,* for accused.

[1]Reported in 176 Pac. 332.

MACKINTOSH, J.—Homer E. Turner has been a member of the bar of this state for several years, practicing in King county. It is sought in this proceeding to disbar him on two charges involving moral turpitude. The first relates to the matter of fees received for the defense of two defendants charged with crime, but the evidence introduced in substantiation of this charge falls far short of satisfying us that there was any such misconduct as would justify his disbarment, even viewing the facts in the most unfavorable light to the accused.

The second charge is supported by evidence showing that Turner received the sum of $300 from a woman, who was not at the time, and never has been, his client, upon the express understanding that he was to loan it to city employees, so as to secure for her interest at the rate of three per cent per month, the whole amount of the principal to be returned to her at the end of three months. Her testimony shows that Turner paid her $10 at the end of the first month, which was more than the interest to which she was entitled; that in the succeeding months she received no interest, and that Turner finally admitted to her that he had never loaned the money, but had used it for himself. Thereafter he repaid the sum of $110, and prior to the hearing before the state board of law examiners had repaid the entire amount.

The record shows that Turner did not go upon the stand to explain this transaction. Although the relationship of attorney and client did not exist, and this money was entrusted to Turner without knowledge on the part of the complaining witness that Turner was an attorney at law, yet, in order to preserve the integrity of the profession, the necessity of discountenancing such misconduct compels us to discipline the attorney for this act involving moral turpitude.

We believe that, in view of these facts, Homer E. Turner should be suspended from the practice of the profession of law for the period of one year from the date of the filing of this decision. It is so ordered.

Parker, Tolman, Chadwick, and Fullerton, JJ., concur.